Macomber, J.
No objection having been made to the form of the demurrer, the same will be deemed sufficient to raise the questions which were considered by the special term.
■ Upon inspection of the complaint the answer and the exhibit attached thereto, it appears that in the month of June, 1885, the plaintiff became vested with certain mining property belonging to a corporation known as the New York and San Jorje Hydraulic Gold Mining Company, which property consisted mainly, if not wholly, of a mine known as the Tapacio mine. This property was held, however, subject to certain hens which had been made for advances of money, which hens were represented by the drafts held by the defendants.
The plaintiff being desirous of clearing its property of these incumbrances, entered into an agreement with the defendants which resulted in the payment by the plaintiff of the above-mentioned drafts.
The agreements are set" forth at length in the complaint. It is also stated- in the complaint that a certain bond was given to the plaintiff by the defendants and others. The answer while admitting some of the allegations in the complaint, sets out the bond, els an exhibit and as a part of the answer, and alleges that it was the only contract that ever existed between the plaintiff and the defendants. The an-' swer further alleges, that the conditions of the bond set forth had not been in any respect violated.
Assuming then that the demurrer raises the questions *545 which have been argued, it appears to us that the defense set up in the answer is not new matter within the meaning of section .494 of the Code of Civil Procedure under which this demurrer was served. The complaint refers to the bond which is set forth in the answer, and the answer simply alleges that such bond was the only contract existing between the parties, and that its terms have not been violated. It was a part of the transactions between the parties which the plaintiff in part set forth in its complaint; though it •cannot be said to have constituted the cause of action. All of the conditions of the bond are set forth in the answer instead of a general averment, as might have been made, that "the defendants had complied on their part with aH of them. But this is not a ground of demurrer. These in connection with the averment that there was no other agreement between the parties, constitute the defense in the action, not as new matter which is pleaded to overcome the case made by the plaintiff, but as the whole of the case arising out of all of the transactions of the parties.
The judgment should be affirmed with costs.
Van Brunt. P. J., and Bartlett, J., concur.